IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENTES WEST, K82893, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00414-SMY-RJD |
| | ) | |
| LT. BEBOUT, | ) | |
| CHARLES SWISHER, | ) | |
| CHAD FRIERDICH, | ) | |
| JAMES BEST and | ) | |
| CLINT MAYER, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATIONS**

**DALY, Magistrate Judge:**

Before the Court is plaintiff Kentes West's Motion for Preliminary Injunction. (Doc. 27 and exhibit at Doc. 30). On February 17, 2017 a hearing was held on the motion (Doc. 40) and West was later permitted to file additional exhibits in support of the motion. West is an inmate at Menard Correctional Center ("Menard"), a maximum security facility in the Illinois Department of Corrections prison system. West states that he is unsafe at Menard and that he would like a preliminary injunction in the form of a transfer to a different facility. For the following reasons, it is recommended that West's motion for a preliminary injunction be denied.

West filed this lawsuit on April 11, 2016, asserting a variety of claims concerning his conditions of confinement at Menard. (Doc. 1). On August 29, 2016, Judge Yandle screened West's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 6). Because West's complaint included a variety of claims against multiple defendants, the matter was severed into eight separate lawsuits, including the instant case. Pursuant to Judge Yandle's screening order, West now proceeds on three claims in the instant case. First (Count 3), West asserts an Eighth Amendment conditions of

1

confinement claim against defendants Bebout and Best. On July 2, 2015, Bebout and Best shut off the water to West's cell. West was therefore unable to use the sink or toilet until at least July 5, 2015. Prisoners are entitled to adequate sanitation, and so the claim was allowed to proceed. Second (Count 4), West asserts an Eighth Amendment claim against Bebout and Mayer based on their July 5, 2015 (unsuccessful) attempt to have a fellow inmate assault West. Third (Count 16), West proceeds on an Eighth Amendment claim against Bebout, Swisher and Chad. According to the complaint, on November 10, 2015 Bebout incited three inmates to attack West. Defendant Swisher also used excessive force against West on that date, and Chad failed to provide adequate medical treatment.

West's motion for preliminary injunctive relief relates to the November 10, 2015, incident. On that date, West was assaulted by an inmate named Griffin and two other inmates. West states in his motion that he later learned the assault was conducted at the behest of defendant Bebout. A month or so after the assault, Griffin was transferred from Menard to a different prison. However, Griffin returned to Menard sometime in early 2016. Due to fears for his safety, West states he has spent little time outside of his cell. Later in 2016 a nurse informed West that his inactivity may be harmful to his health, and so West began to venture out of his cell and utilize the prison yard. (Doc. 27, p. 4).

On October 21, 2016, West was in the prison yard when he noticed that Griffin was also outside. In an attempt to get off the yard, West walked over to the guard tower and asked to use the restroom. Griffin then approached West and began to physically assault him. West was later issued a disciplinary report for the incident, but it was subsequently dismissed. West states in his motion that he suspects the October 21, 2016, assault was instigated by correctional staff at Menard. (Doc. 27, p. 5). After the assault, West submitted grievances to his counselor, Counselor

M. Nippe, and to the IDOC Administrative Review Board ("ARB") in Springfield. (Doc. 27, pp. 5-6). It does not appear that West has been assaulted since the October 21, 2016, incident, but West states that he continues to be threatened by fellow inmates. (Doc. 27, p. 5).

On February 17, 2017, the undersigned held a hearing on West's motion for preliminary injunctive relief. West attended the hearing via video conference from Menard, and he testified in support of the motion. West reiterated the allegations in his motion and he also testified that he is being harassed by various correctional staff at Menard. In late January and early February of this year, prison officials again shut off the water to West's cell. West admitted that he had flooded his cell, but he stated that the water was shut off for a disproportionately long period of time. Additionally, West stated that prison officials are tampering with his food. In one instance it appeared that someone had spit in his meal tray. West testified that he has submitted numerous grievances to his counselor on these issues, but the harassment continues.

After West testified, the defense presented Major John Carter as a witness. Carter is a Correctional Major at Menard and he works in West's cell house, the North 2 housing unit. Carter testified that West has not raised discussing cell placement or food issues with him, but he did remember that West recently requested to have his television fixed. Carter further testified about the security environment at Menard. He stated that West is currently placed in indeterminate segregation. West is therefore subject to the general restrictions placed on segregation inmates, and his segregation status is reviewed every six months. Inmates in segregation have few opportunities for interacting with one another, but they may be out of their cells together on the prison yard or during a call pass movement. Additionally, Carter stated that West does not have a cell mate and that all of the inmates on West's "keep separate from" list are

in general population. West is also free to request a prison transfer on his own, and Carter stated that prison transfers are managed by the IDOC Transfer Coordinator's Office in Springfield.

The Court permitted West to file supplemental exhibits in support of his motion for preliminary injunctive relief. (Doc. 43). The documents primarily consist of grievances filed by West from November, 2016, through February, 2017. The grievances detail the incident on the yard with inmate Griffin, threats by other inmates, harassment by correctional officers, and false disciplinary report in January of 2017. Responses from the Menard grievance office are also included in West's filed exhibits. The responses indicate that Menard officials investigated West's allegations, at least minimally, and that prison staff were unable to substantiate West's assertions of misconduct.

In the motion for a preliminary injunction, West states that he would like a transfer out of Menard to another IDOC facility. Pursuant to the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (internal quote omitted). Prison officials are not required to provide inmates a risk free environment, but prisoners have an Eighth Amendment right to be free from conditions that pose a "substantial risk of serious harm." *Id*. at 828, 114 S. Ct. at 1974. In general terms, prison officials are required to avoid placing inmates in harm's way "gratuitously." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004).

West asserts that the conditions at Menard violate his Eighth Amendment rights and he should therefore be granted a preliminary injunction. As defined by one leading treatise, "a preliminary injunction is an injunction that is issued to protect plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."

11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2947 (3d ed.). In order to obtain a preliminary injunction, West must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). The Prison Litigation Reform Act places additional restrictions on the Court's ability to issue injunctions in this context. The law requires that preliminary injunctive relief with respect to prison conditions be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary. 18 U.S.C. § 3626.

Here, West has provided credible testimony that he was involved in altercations and has received threats from other inmates at Menard. However, he has not shown at this time that he is likely to succeed on the merits. As an inmate in the segregation unit, he has little interaction with other inmates in the facility. He currently occupies a single man cell. When he does interact with other inmates, such as during a movement or on the prison yard, he is supervised by correctional staff. The risk of being assaulted by another inmate should therefore be slight. Furthermore, West's exhibits demonstrate that Menard officials have investigated some of his prison grievances, (*see* Doc. 43, pp. 25-26, p. 29) and that the Warden of Menard deemed some of his grievances to be an "emergency" so that they would be reviewed on an expedited basis. Further complicating matters is that West admitted in his filings that he has flooded his cell and in January, 2017, he received a disciplinary report for threatening a correctional officer. (Doc. 43, p. 21). When this information is viewed as a whole, West has not shown that he is likely to

succeed on the merits or that he is likely to suffer irreparable harm in the absence of a preliminary injunction.

Additionally, the balance of equities and the "public interest" component of the preliminary injunction analysis do not favor West. "Not being experts in prison administration, but aware of the security problems in American prisons, judges sensibly defer within broad limits to the judgments of prison administrators." *Toston v. Thurmer*, 689 F.3d 828, 830 (7th Cir. 2012). According to the IDOC "Offender Search" website, West has a release date of 2050. His convictions consist of murder, armed robbery and aggravated battery to a peace officer. Considering his violent criminal history and the fact that he is already single celled in a maximum security facility, the Court is reluctant to second guess the security decisions of the IDOC and the officials at Menard.

## RECOMMENDATIONS

It is RECOMMENDED that plaintiff Kentes West's motion for a preliminary injunction be denied.

**SO RECOMMENDED.**

**DATED: April 25, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**